IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK HENDERSON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:06-CV-925** |
| v. | : | |
| | : | **(Chief Judge Kane)** |
| | : | |
| **ANTHONY BUSSANICH, <u>et al.</u>,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Henderson's Motion to Amend Judgment. (Doc. No. 14.) The primary issue presented in this motion is whether Plaintiff was afforded the required amount of time to file and have his objections to Magistrate Judge Blewitt's report and recommendation heard by this Court.[1] For the reasons briefly discussed below, the Court will vacate its order adopting Magistrate Judge Blewitt's report and recommendation and will consider Plaintiff's objections. In all other respects, Plaintiff's motion will be denied.

---

[1] In his motion, Plaintiff also requests that the Court sustain Plaintiff's objections to the report and recommendation. It would be premature to rule upon Plaintiff's objections at this point, as Defendants must be given an opportunity to file briefs in opposition to Plaintiff's objections.

Furthermore, Plaintiff argues that the case should not be remanded to Magistrate Judge Blewitt because Plaintiff has not consented to be tried by a magistrate judge. Plaintiff refers to Federal Rule of Procedure 73 in support of this argument. Magistrate Judge Blewitt, however, is not presiding over the trial of Plaintiff's civil action, as contemplated by the "trial by consent" provisions in Rule 73. Rather, Magistrate Judge Blewitt is properly hearing Plaintiff's prisoner petition under Rule 72(b) of the Federal Rules of Civil Procedure. This rule provides: "A magistrate judge assigned <u>without consent of the parties</u> to hear . . . a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required . . ." Fed. R. Civ. P. 72(b) (emphasis added). Thus, Plaintiff's consent is not necessary for Magistrate Judge Blewitt to conduct appropriate proceedings regarding the instant matter.

Magistrate Judge Blewitt issued his report and recommendation in this matter on June 19, 2006, and it was docketed the following day. (Doc. No. 10.) On July 7, 2006, after a de novo review of the record and the report and recommendation, which was unopposed at the time, the Court adopted the report and recommendation. (Doc. No. 13.)

Plaintiff has sworn under oath that he did not receive a copy of the report until June 28, 2006, when he was physically handed the envelope containing the report during prison mail call. (Doc. No. 16). Plaintiff deposited his objections to the report in the United States Mail at the United States Penitentiary in Lewisburg, Pennsylvania, on July 13, 2006. (Doc. No. 13, at 16).

In his brief in support of the motion to amend, Plaintiff correctly notes that he has 10 days in which to respond to the report after being served and that service by mail is complete upon mailing. (Doc. No. 15, at 3); see Fed. R. Civ. P. 72(b) (a party has 10 days from being served with a copy of the magistrate's report to file objections to the proposed findings and recommendations); Fed. R. Civ. P. 5(b)(2)(B). Because the date on which the report was mailed is not set forth on either the clerk's notice or the envelope, Plaintiff argues that it became "a guessing game as to where to beg[i]n the time." (Doc. No. 15, at 3.) Plaintiff further explains that he contacted the Clerk of Court's office in Scranton in an effort to determine when the report was mailed, but the female deputy clerk with whom he spoke indicated that no specific date of mailing was noted on her docket sheet. (Id.) Thus, Plaintiff urges the Court to consider his objections since he did not receive the report until June 28th, could not determine when the 10-day period began in spite of his best efforts, and is a pro se litigant unfamiliar with the law.

Plaintiff's objections were deemed filed on July 13, 2006, the day that he mailed the objections. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (date of filing for a pro se prisoner is the date of delivery to prison authorities for forwarding to the court). If the Court

were to begin its calculation of the 10-day limitations period from the date Plaintiff actually received the report, Plaintiff's objections were to be filed by July 12, 2006.  See Fed. R. Civ. P. 6(a).  The Court notes that Plaintiff was one day late in filing his objections if the deadline is calculated from his receipt of the report.  Nevertheless, because Plaintiff was placed at a serious disadvantage by the absence of a time stamp or postmark on the report, in light of his diligence in seeking to ascertain when the report was mailed, and since Plaintiff appears to have made a good faith effort to file in time, the Court will consider his objections to the report and recommendation.

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rules 72.3 and 72.2, Defendants in this matter have ten (10) days from the issuance of this order to file a brief in opposition to Plaintiff's objections, if they should choose to respond.  Plaintiff, in turn, may file a brief in reply to any responsive brief filed by Defendants.  If he chooses to do so, Plaintiff must file his reply within seven (7) days after service of the opposing party's brief.

**AND NOW**, this 19th day of December, 2006, the Court vacates its order adopting Magistrate Judge Blewitt's report and recommendation.  (Doc. No. 11.)  The Court will **GRANT** Plaintiff's motion insofar as he requests that the Court consider his objections Magistrate Judge Blewitt's report and recommendation.  Any brief in opposition to Plaintiff's objections by Defendants or reply brief by Plaintiff must be filed in accordance with the above-mentioned deadlines.

In all other respects, Plaintiff's motion is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania