IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK HENDERSON,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL ACTION NO. 1:06-CV-925 |
| v. : | |
| : | (Chief Judge Kane) |
| : | |
| **ANTHONY BUSSANICH, et al.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

**I.   BACKGROUND**

Plaintiff Henderson filed this Bivens action against Defendants Bussanich, Salam, Hemphill, Navarro, Peoria, Bogler, Levi, and Smith, asserting various violations of his Eighth Amendment rights.  (Doc. No. 1.)  Magistrate Judge Blewitt screened Plaintiff's complaint pursuant to the Prison Litigation Reform Act of 1995 and issued his Report and Recommendation in this matter on June 19, 2006.  (Doc. No. 10.)  On July 7, 2006, after a de novo review of the record and Magistrate Judge Blewitt's recommendations, which were unopposed at the time, the Court adopted the Report and Recommendation dismissing Defendants Bogler, Smith, Levi, and Hemphill pursuant to 28 U.S.C. § 1915(e)(2).  (Doc. No. 13.)  Plaintiff subsequently filed objections to the Report and Recommendation (Doc. No. 13) and requested that the Court amend its order adopting the Report and Recommendation and consider Plaintiff's objections (Doc. No. 14).  After reviewing Plaintiff's motion for reconsideration, the Court granted the motion in part and vacated the initial adoption of the Report and Recommendation.  (Doc. No. 21.)

Upon consideration of Plaintiff's objections, the record, and Magistrate Judge Blewitt's

recommendations, the Court once again adopts the Report and Recommendation.

## II. DISCUSSION

The Court will briefly explain why Plaintiff's objections will be overruled.[1] Magistrate Judge Blewitt's Report and Recommendation contains a detailed discussion of Plaintiff's factual allegations, the screening process for prisoner complaints, and the standard for stating an actionable Eighth Amendment claim, and for that reason, the Court will not repeat the same here.

### A. Defendant Bogler

Plaintiff objects to the dismissal of Defendant Bogler, a physician's assistant at USP-Lewisburg. Plaintiff contends that, on December 22, 2004, Defendant Bogler caused him unnecessary pain and suffering in violation of the Eighth Amendment when Defendant Bogler refused to provide him with a double mattress and frustrated Plaintiff's attempt to procure a mattress through his orthopedic specialist Dr. Ball. (Comp. ¶ 71.) Plaintiff argues that these actions rise to the level of deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As Magistrate Judge Blewitt noted, this argument overlooks the fact that Plaintiff's medical records indicate that the double mattress was not a medical issue (Doc. No. 2, Ex. 36, entry on Oct. 13, 2004), and that Plaintiff's administrative grievance regarding the mattress request had been denied in mid-November on the grounds that the prison's clinical director did not believe it was a medical necessity (Doc. No. 2, Ex. 30). Because the double mattress was not a medical necessity, Defendant Bogler could not have been

---

[1] In his objections to the report and recommendation, Plaintiff disagrees with certain findings of fact and takes issue with certain characterizations of his claims against Defendants Bussanich, Salam, Navarro, and Peoria. The Court will address these points only insofar as they relate to whether Plaintiff has stated viable claims against Defendants Bogler, Smith, Levi, and Hemphill.

deliberately indifferent to a serious medical need of Plaintiff. Additionally, Dr. Ball could have explored the possibility of a special mattress as part of his plan of treatment for Plaintiff despite Defendant Bogler's comment, but Dr. Ball did not do so. (See Doc. No. 2, Ex. 43); (see also Doc. No. 2, Ex. 42) (after Defendant Bogler interrupted Plaintiff's request, Dr. Ball did not indicate whether the mattress would, in fact, be a medical necessity). Under these circumstances, Plaintiff has failed to state a valid Eighth Amendment claim against Defendant Bogler,[2] and this objection to the Report and Recommendation is without merit.

### B. Defendants Smith and Levi

Plaintiff objects to the dismissal of Defendants Smith and Levi, the Warden and Associate Warden of USP-Lewisburg, respectively. Plaintiff contends that Defendants Smith and Levi violated his Eighth Amendment rights by refusing to intervene on Plaintiff's behalf when he complained about the adequacy of the care he was receiving.[3]

---

[2] As recently as 2005, this Court addressed a similar issue. In Thomas v. Cerullo, No. 99-1312, 2005 WL 1155050, at *5 (M.D. Pa. May 2, 2005), Judge Rambo held that the delay of prison staff in getting a prisoner a special mattress for medical reasons – and the pain and suffering the prisoner endured while awaiting the special mattress – did not rise to the level of a viable Eighth Amendment claim. Judge Rambo explained that the two-and-a-half month delay in getting the mattress was "not sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. (quoting Estelle, 429 U.S. at 106). In this case, because the mattress was not a medical necessity according to one of Plaintiff's treating physicians, Defendant Bogler's not obtaining the mattress requested by Plaintiff falls short of the level of indifference that is required to state an Eighth Amendment claim.

[3] Plaintiff's health complaints took the form of both informal conversations with Defendants Smith and Levi as well as written administrative grievances. Plaintiff informed Defendant Levi of his medical condition, pain, and difficulty with stairs during a Unit Classification Committee meeting on April 29, 2004. (Compl. ¶¶ 34, 38.) On May 28, 2004, he spoke with Defendant Smith in the presence of Defendant Levi about his medical treatment and the possibility of being transferred to a handicapped facility. (Id. ¶ 43.) In response, Defendant Smith indicated that he wanted to see the orthopedic specialist's recommendations before making that decision. (Id.) On July 16, 2004, Defendant Smith denied Plaintiff's administrative

Generally, "prison staff members who are not medical personnel cannot be held liable for failing to respond to a prisoner's medical complaints where the prisoner was receiving medical treatment from prison doctors at the complained time." Quinn v. Palakovich, No. 3:04-1894, 2005 WL 1155871, at *2 (M.D. Pa. April 19, 2005) (citing Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)).[4] Liability may be appropriately imposed, however, on a non-physician prison official if he had actual knowledge or reason to know of the medical mistreatment committed by his employees. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (concluding that "absent reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference"); see also Thomas v. Cerullo, No. 99-1312, 2005 WL 1155050, at *6 (M.D. Pa. May 2, 2005) (same).

Plaintiff argues that the general rule articulated in Durmer does not apply to his claims against Defendants Smith and Levi because he was not receiving any medical treatment. (Doc. No. 13, at 11.) This assertion is undercut by the exhibits submitted by Plaintiff that show he had received some form of medical care since late 2003, prior to his hip replacement at the United

---

grievance. (Id. ¶ 49); (Doc. No. 2, Ex. 2). On July 16, 2004, Plaintiff spoke with Defendant Smith about the consultation with Dr. Ball, and challenged Defendant Smith's conclusion that he was not disabled. (Compl. ¶ 51). On October 13, 2004, Plaintiff complained to Defendants Smith and Levi about his visit with Drs. Bussanich and Salam during which they apparently measured Plaintiff's legs incorrectly and concluded there was no discrepancy in leg length. (Id. ¶¶ 62-63.) Defendants Smith and Levi indicated that they were not going to get involved and that they were aware he had a visit scheduled with Dr. Ball about the discrepancies in the doctors' measurements. (Id.)

[4] A Bivens-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983, and the same legal principals have been held to apply. See, e.g., Couden v. Duffy, 446 F.3d 483, 492 (3d Cir. 2006). Thus, the Court's use of § 1983 cases such as Quinn in its discussion of Plaintiff's Bivens action is appropriate.

4

States Medical Center for Federal Prisoners in Springfield, Missouri. (See generally Doc. No. 2.) Defendants Smith and Levi were aware that Plaintiff was under the care of prison doctors, was consulting with an orthopedic specialist, and complained about the quality of the healthcare he was receiving on several occasions. (See Doc. No. 2, Exs. 2, 30, and 38); see also (Compl. ¶¶ 43, 51, and 62) (Defendants Smith and/or Levi refer to Plaintiff's treatment by orthopedic specialist Dr. Ball and the prison's clinical director).

Alternatively, Plaintiff asserts that Defendants Smith and Levi knew or had reason to know of the medical mistreatment allegedly committed by their employees and should be held liable for their deliberate indifference in failing to respond to the alleged mistreatment. Although they were aware Plaintiff was unhappy with the treatment prescribed by prison medical personnel, Defendants Smith and Levi did not know or have reason to believe that Plaintiff was being mistreated or that any such mistreatment would lead to a sufficiently substantial risk of serious damage to his future health. (See Doc. No. 2, Exs. 2, 30, and 38.) For example, the denial of Plaintiff's administrative grievances on November 12, 2004, indicates that Defendants Smith and Levi consulted with medical staff about Plaintiff's complaints, were aware of and upheld the restrictions placed on Plaintiff's work duties,[5] and recognized that Plaintiff was authorized to use a cane through January 2005. (Doc. No. 2, Ex. 38.) They noted that Plaintiff's medical status may need to be reevaluated and told Plaintiff he would be reevaluated in

---

[5] Plaintiff's restricted work orders mandated that Plaintiff be excused from climbing ladders, lifting heavy weights, having to stand for a prolonged period of time, and work in the food-service area.

December of 2004.[6]  (Id.)  Defendants Smith and Levi's response to this request (and others) demonstrates they evaluated Plaintiff's requests and denied them because, in their opinion, medical personnel appropriately addressed Plaintiff's concerns.  (Id.)

Defendants Smith and Levi were certainly aware of Plaintiff's dissatisfaction with the prison medical staff; however, nothing in the exhibits demonstrates that Smith and Levi knew or had reason to know that Plaintiff was being medically mistreated.  In sum, the allegations against Defendants Smith and Levi do not rise to the level of an Eighth Amendment violation; the claims against these two Defendants will be dismissed.

### C. Defendant Hemphill

Plaintiff objects to Magistrate Judge Blewitt's conclusion that Defendant Hemphill, Health Services Administrator ("HSA") in the Health Services Unit ("HSU") at USP-Lewisburg, is statutorily immune from suit as a member of the U.S. Public Health Services.  Plaintiff believes that, if given the opportunity to conduct discovery, he will be able to establish that Defendant Hemphill is an employee of the Federal Bureau of Prisons and subject to his Eighth Amendment claims.  Defendant Hemphill's amenability to a Bivens suit in his capacity as HSA at USP-Lewisburg has already been explored by this Court.  In Anderson v. Bureau of Prisons, No. 04-2666, 2005 WL 2314306, at *6 (M.D. Pa. Sept. 22, 2005), Judge Caldwell held that Defendant Hemphill – in his position as Health Services Administrator at USP-Lewisburg – was immune from an Eighth Amendment Bivens action and concluded that the Federal Tort Claims Act was the exclusive remedy for medical malpractice committed by a Public Health Service

---

[6] The reevaluation was in response to Plaintiff's request dated November 4, 2004, responded to by Defendant Smith on November 11, 2004.

employee.

Even if Defendant Hemphill were not statutorily immune from this Bivens action, Plaintiff's allegations fall short of an Eighth Amendment violation. As a non-physician defendant, he could be held liable for a prisoner's medical mistreatment only if he failed to respond to known medical mistreatment by prison employees. See Spruill, 372 F.3d at 23; Thomas, 2005 WL 1155050, at *6. Other than naming Defendant Hemphill as a defendant and acknowledging that he gave Plaintiff pain medication on one occasion (Compl. ¶¶ 6, 56), the only other time Plaintiff mentions Defendant Hemphill in his complaint is to allege that Defendant Hemphill, "in his position as Health Services Administrator was fully aware of plaintiff's medical condition . . . and did not intervene on plaintiff's behalf . . . ." (Id. ¶ 74.) Defendant Hemphill responded to one of Plaintiff's informal grievances, and the response demonstrates that Defendant Hemphill reviewed Plaintiff's medical record, was aware that Plaintiff was being treated by the prison's medical personnel and by orthopedic specialist Dr. Ball, and believed that the scheduled consultation with Dr. Ball and the restrictions on Plaintiff's work duties were adequate responses to Plaintiff's complaints. (Doc. No. 2, Ex. 37.) Plaintiff has not demonstrated that Defendant Hemphill knew or had reason to know that Plaintiff was being medically mistreated and that he failed to respond to the same. Thus, the allegations against Defendant Hemphill do not state a cognizable Eighth Amendment claim.

### III.     Conclusion

The Court has reviewed Plaintiff's objections to Magistrate Judge Blewitt's Report and Recommendation and finds them to be without merit. Defendants Bogler, Smith, Levi, and Hemphill will be dismissed from the instant action.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FREDERICK HENDERSON,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 1:06-CV-925** |
| v. : | |
| : | **(Chief Judge Kane)** |
| : | |
| **ANTHONY BUSSANICH, et al.,** : | |
| : | |
| **Defendants** : | |

**ORDER**

**AND NOW** this 2nd day of March, 2007, upon de novo consideration of Magistrate Judge Blewitt's Report and Recommendation, Plaintiff's objections thereto, and the complaint and accompanying exhibits, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 10) is **ADOPTED**. Pursuant to 28 U.S.C. §1915(e), all claims against Defendants Bogler, Smith, Levi, and Hemphill are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to recommence proceedings (Doc. No. 38) is **GRANTED**. The stay in this case ordered on January 28, 2007 (Doc. No. 28) is lifted. Plaintiff shall have fifteen (15) days from the date of this order to submit a brief in opposition to the motion to dismiss, or in the alternative for summary judgment, by Defendants Bussanich, Navarro, and Peoria. (Doc. No. 25.) Thereafter, the moving Defendants may file a reply brief within ten (10) days after service of Plaintiff's brief in opposition.

This matter is remanded to Magistrate Judge Blewitt for further proceedings.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania